IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RAFFAELLA MARIE SPONE,<br>*Plaintiff,* | : | |
| | : | |
| | : | |
| v. | : | CIVIL NO. 23-0147 |
| | : | |
| MATTHEW J. REISS et al., | : | |
| *Defendants.* | : | |
| | : | |

**Scott, J.**                                                                              **March 30, 2026**

**MEMORANDUM**

Plaintiff Raffaella Spone was convicted of three counts of misdemeanor harassment in relation to her sending anonymous messages that discussed the behavior and appearance of teenagers on the same cheer team as Spone's daughter. One day before Spone's criminal trial in the Court of Common Pleas of Bucks County in Pennsylvania, the Commonwealth *nolle prossed* three counts of cyber harassment of a child against Spone. Afterwards, she filed the instant Action, claiming in relevant part that Defendants Louis Bell, Matthew J. Reiss, and Matthew Weintraub violated her constitutional rights by falsely stating in public and during trial that she deepfaked certain photos and videos of other members of the cheer team.

The Court dismissed her original Complaint without prejudice and with leave to amend. Spone instead chose to stand on her Complaint and appealed to the Third Circuit. The Third Circuit affirmed the Court's prior Memorandum Opinion in all respects except one: The Third Circuit determined that the Court misapplied the *Heck* doctrine to bar amendment of Count One of Spone's

1

original Complaint. *See Spone v. Reiss*, 2025 WL 670968, at *4 (3d Cir. Mar. 3, 2025). Spone timely filed an Amended Complaint, ECF No. 61, after the Third Circuit issued its ruling.

All Defendants have moved to dismiss Spone's Amended Complaint. *See* ECF Nos. 62, 63, 64, and 65. Spone has opposed all motions to dismiss. *See* ECF Nos. 70, 71, 72, and 73. Three sets of Defendants filed replies in support of their motions. *See* ECF Nos. 73, 74, and 75. As explained below, the Court grants all motions to dismiss Plaintiff's Amended Complaint and dismisses the Amended Complaint with prejudice.

I.    **Plaintiff Is Only Permitted To Amend Her Fabricated Evidence Claim Under § 1983 And To Re-Plead Her Pendent State Law Claims**

A. *Spone Stood on Her Original Complaint*

Plaintiff's original Complaint included five counts: (I) a § 1983 fabricated evidence claim against Defendants Matthew Reiss, Louis Bell, and Matthew Weintraub; (II) a "false statements/defamation" claim against Defendants Reiss and Weintraub; (III) a *Monell* claim against Hilltown Township and the County of Bucks; (IV) a common law defamation claim against all Defendants; and (V) an "invasion of privacy/false light" claim against all defendants.

The Court dismissed the first three counts of Plaintiff's original Complaint without prejudice and declined to exercise supplemental jurisdiction over the remaining two counts that involved state law claims. *See* ECF No. 53. The Court also granted Plaintiff leave to amend her Complaint within 30 days of dismissal. *See* ECF Nos. 53, 54.

At that point, Spone faced a strategy choice: either (i) amend the Complaint and wait for Defendants to respond or (ii) stand on the Complaint to make the Court's dismissal a final order that is appealable.

Spone made clear that she chose to stand on the Complaint in order to make the Court's dismissal final and thereby appealable. *See* ECF No. 56, Notice of Appeal, at 1 (citing 28 U.S.C. § 1291, which states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all

2

*final* decisions of the district courts of the United States . . .") (emphasis added); *see also id.* at 1 n.1 ("Plaintiff has elected not to file an amended complain [*sic*] and, therefore, the District Court's Order of March 14, 2024 is final."). The Third Circuit likewise found that Spone chose to stand on her Complaint. *Spone v. Reiss*, 2025 WL 670968, at *6 n.18 (3d Cir. Mar. 3, 2025) ("Spone did not amend her Complaint within the 30 days granted by the District Court, and instead, filed this appeal. Thus, Spone elected to stand on her Complaint . . .").

On appeal, the Third Circuit affirmed this District Court's prior Opinion in all respects except one. The Third Circuit "conclude[d] that Spone has failed to state any claims upon which relief could be granted, and thus, the District Court did not err in dismissing Spone's Complaint without prejudice. [The Third Circuit] further conclude[d], though, that Spone's fabricated evidence claim was not barred by the *Heck* doctrine . . . and thus reverse[d] in part for *proceedings consistent with this opinion.*" *Id.* at *1 (emphasis added). In its discussion of Count I, the Third Circuit held that it "will affirm the dismissal of Count One but remand for the District Court to consider leave to amend, without regard to *Heck*, should Spone seek such leave." *Id.* at *5. Finally, in its concluding paragraph, the Third Circuit again made clear that it reversed this Court's opinion solely concerning the finding that Count I was *Heck*-barred: "For the foregoing reasons, the District Court did not err in dismissing Spone's Complaint. Because Count One was not barred by the *Heck* doctrine, we will reverse as to that Count and remand for proceedings consistent with this opinion." *Id.* at *7.

Given Spone's choice to stand on her Complaint and given the Third Circuit's limited reversal, Spone was permitted to amend her Complaint solely as it relates to Count One.[1] Hence

---

[1] Spone sent a letter to the Court on March 28, 2025, asking "(1) whether Plaintiff is allowed to file an amended Complaint pursuant to Your Honor's prior decision, or (2) whether Your Honor would prefer Plaintiff file a Motion for Leave to Amend under Rule 15(a)(2)." In response, the Court issued its April 1, 2025 Order that permitted Plaintiff to file an Amended Complaint "pursuant to the Order of the Third Circuit." ECF No. 60. At no point did Spone make

why in the Order granting Plaintiff leave to amend her Complaint, this Court ordered that "[p]ursuant to the Order of the Third Circuit," Spone may file an Amended Complaint. *See* ECF No. 60.

### B. *Spone Misreads the Third Circuit's Holding and This Court's Order Permitting Leave to Amend*

Spone somehow interpreted all the above as permission to file an Amended Complaint that included an amended version of the fabricated evidence claim against Reiss, Bell, and Weintraub (now confusingly stylized as Count II instead of Count I as in the original Complaint), added a new claim of malicious prosecution and false arrest against Reiss and Bell (as the new Count I), repeated the dismissed defamation and *Monell* claims on which the Third Circuit affirmed dismissal (as Counts III and IV), and reattached the state law claims (as Counts V and VI). *See* ECF No. 61.[2]

In her opposition briefing, Spone advances an implausible interpretation of the Third Circuit's holding and of this Court's Order that Spone may file an Amended Complaint pursuant to the Third Circuit's ruling. Spone argues that she "pursued an appeal of this Court's decision

---

clear to the Court that she intended to replead dismissed claims on which the Third Circuit affirmed dismissal nor add new claims that were absent from the original Complaint. Had Plaintiff done so, the Court surely would have denied that for reasons explained throughout this Memorandum.

[2]     The Third Circuit suggested in passing that "Count One might also be read as attempting to assert a Fourth Amendment malicious prosecution claim, or a Fourth Amendment false arrest claim." *Spone*, 2025 WL 670968, at *3, n.10. This Court reads the Third Circuit's comment to explain the depth of the pleading's deficiency, i.e., that the pleading lacked such structure and specificity that it may have been read as a malicious prosecution claim or false arrest claim under the Fourth Amendment instead of as a fabricated evidence claim under the Fourteenth Amendment. If anything, the Third Circuit's suggestion is further evidence of Spone's "jumbled pleading [that] fail[ed] to give Weintraub, Bell, and Reiss fair notice of what constitutional right she claims they violated . . ." *Id.* at *4 (citation modified).

     The Court does not take the Third Circuit to have meant that Spone herself intended to plead Count I as either of those Fourth Amendment claims. After all, Spone's original Complaint titled Count I as a "Fabricated Evidence" claim, and the only Amendment referenced throughout that Count is the Fourteenth Amendment. Therefore, it is consistent with the Third Circuit's comment and with this Court's reading of the original Complaint that Spone only pleaded a single fabricated evidence claim under the Fourteenth Amendment. Spone did not plead any count involving a malicious prosecution or false arrest claim under the Fourth Amendment in the original Complaint.

that the *Heck* doctrine barred her Section 1983 claims until she received a favorable determination." ECF No. 72-2 at 9.

This argument is doubly wrong. First, this Court did not hold that the *Heck* doctrine barred *all* § 1983 claims but only that the *Heck* doctrine barred Spone's fabricated evidence claim under § 1983. *Compare* ECF No. 53 at 9 (where Section III.A of the Court's Memorandum is titled "Plaintiff's Fabricated Evidence Claim (Count I) is Barred by *Heck*.") *with* ECF No. 72-2 at 2 (wrongly stating that this Court's "Order dismissing her Complaint without prejudice clearly indicated that her Section 1983 Due Process claims were barred by *Heck*"). Second, the Third Circuit did not hold that the *Heck* doctrine barred Plaintiff's amendment of all § 1983 claims, but only that amendment of Count One—the fabricated evidence claim that this Court wrongly determined to be *Heck*-barred—was futile. *Spone*, 2025 WL 670968, at *5 ("[B]ecause Count One was not barred by *Heck*, the District Court's conclusion that Count One could not be amended until some date uncertain . . . was erroneous.").

Spone's next point appears to be that, in this Court's post-appeal Order that permitted Spone to amend her pleading, this Court blessed her decision to add new claims and to replead dismissed claims on which the Third Circuit affirmed dismissal alongside amending her pleading concerning the fabricated evidence claim. ECF No. 72-2 at 10 ("Weintraub disregards that this Court has already issued *two* orders that allow Spone to amend her Complaint . . . Allowing the Amendment now would appropriate [*sic*] under both the Third Circuit's remand, and this Court's prior order.").

It is telling that Spone's interpretation of this Court's Order never quotes the Order directly, which clearly limited Spone's permission to amend solely as to what the Third Circuit had remanded, i.e., "pursuant to the Order of the Third Circuit." ECF No. 60. Spone's argument

5

ignores this clause, which ruins Spone's attempt to sidestep the places where this Court and the Third Circuit have already determined Spone's claims have failed irredeemably.

Spone also suggests that equitable considerations warrant wholesale amendment: "To deny Spone's ability to amend following the remand, would be inequitable and belie this Court's prior ruling that suggests Spone's Section 1983 claims for due process violations were premature." ECF No. 72-2 at 3; *see also id.* at 10 ("It would be inequitable to disallow Spone from amending her complaint now."). On this Court's view, equity counsels against granting Spone wholesale amendment. She stood on her original Complaint and should not reap the benefit of "us[ing] court rulings—or appeals—on dispositive motions as a sounding board to assess the sufficiency of their allegations and claims in what is becoming commonly known as a 'wait and see' approach." *Day v. White*, 2020 WL 5044141, at 5* n. 2 (D.V.I. Aug. 26, 2020).[3]

Spone has overstepped in attempting to stretch a legal inch into a mile. To whatever extent Spone interprets the Third Circuit holding to permit her leave to amend all § 1983 claims or to add new § 1983 claims, she is wrong. Likewise, to whatever extent Spone interprets this Court's Order granting leave to file an Amended Complaint "pursuant to the Order of the Third Circuit" as permission to relitigate dismissed claims on which the Third Circuit has affirmed dismissal or to add new claims that go beyond the original Complaint, she is wrong.

The Court limits its analysis of the pending Motions to Dismiss only to those portions of the Amended Complaint that seek to cure the infirmities of the original Complaint that Plaintiff has already elected to stand on. Because Spone exceeded the bounds of permissible amendment

---

[3]     This Court is not accusing Spone of intentionally adopting a 'wait-and-see' approach because this Court cannot surmise Plaintiff's intentions. Instead, the Court's point is simply that it is inequitable to permit litigants who stand on their complaints to benefit from their appeals by relitigating claims that are affirmed on dismissal and to venture new legal theories and new causes of action that they did not include originally.

in the Amended Complaint, the Court strikes all Counts in the Amended Complaint except for Counts II, V, and VI.

## II.    Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court do draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, support by mere conclusory statements, do not suffice." *Id.*

The Court employs a three-step process to evaluate a motion to dismiss. First, the Court articulates the elements of the claim. *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F. 4th 323, 327 (3d Cir. 2022). Second, the Court reviews the complaint while disregarding formulaic recitations of the elements of a claim and any threadbare, conclusory allegations. *Id.* at 327–28. Third, the Court evaluates the plausibility of the remaining allegations while assuming the truth of the well-pleaded allegations, construing them in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor. *Id.* at 328.

## III.    Discussion

### A. The Elements of a § 1983 Fabricated Evidence Claim

Plaintiff's sole claim presently before the Court is Count II of the Amended Complaint, in which Spone claims that Defendants Reiss, Bell, and Weintraub violated her Fourteenth Amendment Due Process rights under 42 U.S.C. § 1983. ECF No. 61 ¶¶ 130–57. The gist of Spone's claim appears to be that Defendants "intentionally and/or recklessly introduced fabricated evidence at [Spone's criminal] trial to prosecute [Spone] for Harassment of a Child, even after

7

they [i.e. Reiss, Bell, and Weintraub] made the decision to *nolle process* [*sic*] those charges before the commencement of trial—that is, they voluntarily dismissed the Cyber Harassment charge but continued to use the false and fabricated evidence at trial of this dismissed charge during trial." Am. Compl. ¶ 135.

A plaintiff sufficiently pleads a stand-alone, § 1983 fabricated evidence claim based on the Fourteenth Amendment when the allegations make plausible that "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d. Cir. 2014). To establish the reasonable likelihood, plaintiff needs to "draw a 'meaningful connection' between her particular due process injury and the use of fabricated evidence against her." *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016). Relatedly, there must also be allegations that make plausible that the "allegedly fabricated evidence was so significant that it could have affected the outcome of the criminal case." *Halsey*, 750 F.3d at 294.

Spone's reliance on the Fourteenth Amendment limits the relevant timeframe concerning the Defendants' supposed use of fabricated evidence: a successful fabricated evidence claim based on the Fourteenth Amendment's due process protections concerns the alleged "unlawful seizures through and after trial." *Id.* at 291. By contrast, a Fourth Amendment fabricated evidence claim would cover improprieties concerning "allegations of unlawful arrest and pretrial restraint." *Delade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020); *see also Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 368, 368 n.8 (2017) (observing that the Fourth Amendment covers false arrest and erroneous pretrial detention on the basis of fabricated evidence but that "once a trial has occurred, the Fourth Amendment drops out" and the Fourteenth Amendment then governs). To her credit, Spone has properly captured this temporal distinction, limiting the extent of this claim to "after

[Defendants Reiss, Bell, and Weintraub] made the decision to *nolle process* [*sic*] th[e] [cyberharassment of a trial] charge[] before the commencement of trial" and during trial where the Defendants allegedly "continued to use the false and fabricated evidence at trial of this dismissed charge" Am. Compl. ¶ 135.

As this Court has already stated in its prior Memorandum and Order, a successful § 1983 fabricated evidence claim is "unusual," because the plaintiff faces a high hurdle in sufficiently alleging (and, potentially later in the litigation process, proving) that the evidence at issue was fabricated. ECF No. 53 at 10 ("The Third Circuit has predicted that successful fabricated evidence claims would be 'unusual' cases, because evidence must meet certain standards to be considered 'fabricated.'") (citation omitted). To deem evidence fabricated, Spone must include allegations that the evidence was not merely incorrect or disputed; rather her allegations must make plausible that the Defendants "were aware the [evidence] was incorrect, and thus, in effect, offered the evidence in bad faith." *Halsey*, 750 F.3d at 273.

In turn, to establish bad faith, Spone may either plead that the Defendants engaged in the "knowing or willful submission of false evidence" or that Defendants "formulated or submitted false evidence . . . with a reckless disregard for its truth." *Mervilus v. Union Cnty.*, 73 F.4th 185, 194–95 (3d Cir. 2023). To plead bad faith through recklessness, Spone must allege that Defendants "furnishe[d] inculpatory evidence while consciously disregarding a substantial risk it is false." *Id.* at 194.

B. *Spone Does Not Plausibly Allege that Defendants Fabricated Evidence During Her Trial*

To assert a claim against Defendants Weintraub, Bell, and Reiss, Spone must allege that they either formulated or submitted false evidence. Because Spone's claim is under the Fourteenth

Amendment, she must allege that they did so during or after trial. *Halsey*, 750 F.3d at 291; *accord Mervilus*, 73 F.4th at 194.

The Amended Complaint lacks clarity. After parsing out the redundancies and conclusory statements, the factual allegations concerning the fabricated evidence claim are as follows.

Spone alleges that Defendants Reiss, Bell, and Weintraub knew (or but for their recklessness should have known) that certain photos and videos of, among other individuals, Madi Hime—that Hime told Officers Reiss and Bell were deepfakes made by Spone—were actually not deepfakes at all (or at least not deepfaked by Spone). *See, e.g.*, Am. Compl. ¶¶ 22, 25, 37, 52, 61, 92, 93. On Spone's telling, Defendants Reiss, Bell, and Weintraub did not formulate false evidence; instead, they submitted false evidence before and during trial apparently through their failure to fully investigate Madi Hime and Jennifer Hime's allegations that Spone "deepfaked" certain photos and videos. *See, e.g.*, *id.* ¶¶ 135–36; ECF No. 61-1, Affidavit of Sherri Ratel and Kayla Ratel, ¶¶ 13–17.

Did the alleged fabricated evidence appear during trial? The imprecision of Spone's Amended Complaint makes answering this question trickier than it should be.

Spone's claim appears not to be that the photos and videos themselves are simply false. Rather it is that the Defendants' theory that Spone deepfaked those photos and videos is false because, on Spone's telling, she did not alter any of them. *See, e.g.*, Am. Compl. ¶ 47–48. Some were not altered at all while others were apparently altered by a friend of Madi Hime. *See, e.g.*, *id.* ¶ 92 (trial transcript explaining that "somebody named Skylar" created "the so-called nude" of Madi Hime); *id.* ¶ 93 (citing the trial transcript in support of the allegation that Madi Hime testified that none of her "social accounts had been doctored or altered").

For Spone's allegations to pass muster, she needs to allege that, during or after trial, Defendants Bell, Reiss, and Weintraub fabricated evidence that Spone deepfaked those photos and videos while knowing or being recklessly indifferent to the truth of whether Spone did in fact deepfake or otherwise manipulate that media.

Spone asserts several times that Bell, Weintraub, and Reiss admitted at trial that the evidence was false. But those allegations are uniformly conclusory. *See, e.g.*, Am. Compl. ¶ 27 ("Reiss and Bell knew that no such evidence of the [deepfakes being made by Spone] existed when they falsely charged Plaintiff with cyberharassment of minors, as admitted by Bell at trial."); *id.* ¶ 53 ("Yet, Weintraub continued his false narrative to the press and at trial."); *see also id.* ¶¶ 112, 118, 135. Elsewhere, Spone amply cites the trial transcript to support her allegations, but not one allegation about what Bell, Reiss, or Weintraub said or did at trial concerning the fabricated evidence claim is accompanied by a similarly reliable factual basis.

Spone does allege that during the state court criminal proceeding the Commonwealth introduced at least some of the photos and videos at issue. But she does not make the essential allegation that Defendants Bell, Reiss, or Weintraub ever stated during or after the trial that Spone deepfaked them—which is the heart of her fabrication theory. The closest Spone comes to making such an allegation is when she cites to the trial transcript and the question-and-answer between ADA Wilkins and Jennifer Hime, where, in response to a question from Wilkins, Hime testified that she "called the gym and [ ] told them Madi's response. That [Madi] said: This isn't me vaping in this video. This isn't – this isn't me. You know, I didn't do it." Am. Compl. ¶ 95. Spone makes a similar allegation in the ensuing paragraph, where Spone's counsel questioned Jennifer Hime about Hime's statement that the photos and videos of her daughter were doctored. *Id.* ¶ 96. But Spone's fabricated evidence claim is not against the Himes, so their testimony that some of the

11

images were deepfaked or manipulated cannot suffice to state a claim against Bell, Reiss, or Weintraub. Additionally, Spone does not allege how, if at all, the Commonwealth used such testimony to secure its conviction.

When Spone does cite the trial transcript involving Defendant Bell, the exchanges concern either what Spone deems *Brady* violations or about deleted evidence and spoliation issues. *See, e.g., id.* ¶¶ 98–102. Those allegations do not make plausible a fabricated evidence claim against Bell. When Spone references Weintraub, she states that he "ultimately conceded . . . that Plaintiff [Spone] did not deep fake anything." *Id.* ¶ 65. That allegation undermines the most essential part of Spone's fabrication claim with respect to Weintraub: he apparently disavowed that Spone deepfaked any media. And Spone does make even one well-pled allegation that Reiss did or said *anything* during or after trial, much less that he somehow fabricated evidence against Spone during trial and in violation of her Fourteenth Amendment due process rights.

In short, Spone has made no plausible allegations that during or after trial Defendants Bell, Reiss, or Weintraub knowingly or recklessly fabricated evidence against Spone. This failure is fatal to Spone's claim.

### C. Spone Does Not Plausibly Allege Causation

Spone must also allege that the "fabricated evidence was so significant that it could have affected the outcome of the criminal case." *Halsey*, 750 F.3d at 294. To establish a reasonable likelihood, plaintiff needs to "draw a 'meaningful connection' between her particular due process injury and the use of fabricated evidence against her." *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016). Even if there were plausible allegations that Defendants Weintraub, Bell, and Reiss fabricated evidence against Spone, her claim fails for the independent reasons that she does not plausibly allege proper due process injuries nor how the fabricated evidence caused her injuries.

12

Spone alleges that her injury came when the Assistant District Attorney used evidence that Defendants had previously considered manipulated, which "caused [Spone] to defend against these false manipulation allegations." Am. Compl. ¶¶ 96, 97; *see also* ¶ 89 (Spone alleging Assistant District Attorney Julia Wilkins and Defendant Bell "attempted to strong arm Plaintiff into dropping her defense" before ultimately abandoning the cyberharassment charge on the eve of trial). Elsewhere, Spone suggests that she sustained a financial injury because she "was forced to hire an unnecessary expert [to refute the claim that Spone deepfaked photos and videos]" even though the cyberharassment charges were dropped on the eve of trial. ¶ 64.

Expending resources to prepare an expert but not needing to use that expert at trial is not the type of injury remedied by a § 1983 fabricated evidence claim under the Fourteenth Amendment. Nor is Spone's being forced to "defend against" the fabricated evidence, by itself, an appropriate injury for the claim. Spone could have come closer to stating an injury had she sufficiently alleged that her needing to defend against the fabricated evidence somehow made her defense less potent, which in turn may have altered the outcome of her criminal case. But she does not allege that, and none of her allegations warrant such an inference. Those injuries make no headway toward establishing that, absent the introduction of fabricated evidence, there was a reasonable likelihood that the outcome of Spone's criminal conviction for harassment would have been different.

Finally, Spone has not established that the fabricated evidence was significant. The Amended Complaint suggests that the supposed fabricated evidence was not significantly relied on by the Commonwealth (if at all) and that Plaintiff elicited testimony to show that Spone did not alter any photos or videos of members of her daughter's cheer team. *See, e.g.*, Am. Compl. ¶¶ 96–97. Spone alleges only that the Himes stuck to the claim that the images of Madi Hime were

altered. *Id.* (There are no allegations that the Himes testified that *Spone herself* altered those images of Madi Hime.)  Under the facts alleged, the Court cannot make any determination about the significance of that evidence on the outcome of the trial.  This failure is an independent reason to conclude that Spone has not sufficiently pled causation and thus fails to state a fabricated evidence claim.

Because Spone has failed to allege proper injury and because Spone has failed to allege facts sufficient to support the significance of the supposedly fabricated evidence, she does not meet the causation requirement necessary to state a § 1983 fabricated evidence claim under the Fourteenth Amendment.

## IV.    Conclusion

For the reasons stated above, Plaintiff Spone fails to state a § 1983 fabricated evidence claim under the Fourteenth Amendment.  Accordingly, The Court grants the motions to dismiss filed by Defendant Bell, Defendant Reiss, and Defendant Weintraub (ECF Nos. 61, 65, and 64, respectively).  Because Plaintiff Spone impermissibly amended her pleadings, the Court strikes Counts I, III, and IV.  The Court declines to exercise supplemental jurisdiction over Plaintiff's Spone's state law claims in Counts V and VI.

Plaintiff Spone's Amended Complaint is dismissed with prejudice.  An appropriate Order will follow separately.